UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEANINE VAN ALPHEN, a/k/a
Jeanine Van Alphen-Moot,

                                    Petitioner,

                                                        9:20-CV-0249
v.                                                      (GTS/CFH)

AMY LAMANA, Superintendent,
Bedford Hills Corr. Fac.,

                                    Respondent.
_____

APPEARANCES:                                OF COUNSEL:

JEANINE VAN ALPHEN, 16-G-0932
  Petitioner, *Pro Se*
Bedford Hills Correctional Facility
247 Harris Road
Bedford Hills, New York 10507

HON. LETITIA A. JAMES                       MARGARET A. CIEPRISZ, ESQ.
Attorney General for the State of New York  MATTHEW B. KELLER, ESQ.
  Counsel for Respondent                    Assistant Attorneys General
28 Liberty Street
New York, New York 10005

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

     Currently before the Court, in this *habeas corpus* proceeding filed by Jeanine Van Alphen

against the Superintendent of Bedford Hills Correctional Facility ("Petitioner") pursuant to 28

U.S.C. § 2254, is a Report-Recommendation of U.S. Magistrate Judge Christian F. Hummel[1]

recommending that Petitioner's Petition be denied and dismissed, and that a certificate of

_____
[1]     Pursuant to the Court's Text Order of January 10, 2025, this case has been reassigned to
U.S. Magistrate Judge Paul J. Evangelista.  (Dkt. No. 28.)

appealability not issue pursuant to 28 U.S.C. § 2253(c)(2). (Dkt. No. 22.) Petitioner has filed an Objection to the Report-Recommendation, and Respondent has filed an opposition to Petitioner's Objection. (Dkt. Nos. 25, 27.) For the reasons set forth below, Magistrate Judge Hummel's Report-Recommendation is accepted and adopted in its entirety, the Petition is denied and dismissed, and a certificate of appealability shall not issue.

## I.    RELEVANT BACKGROUND

For the sake of brevity, the Court will not repeat the factual background of Petitioner's 2016 county court conviction of two counts of predatory sexual assault against a child in violation of N.Y. Penal Law § 130.96, but will simply refer the parties to the relevant portions of Magistrate Judge Hummel's Report-Recommendation, which accurately recite that factual background. (Dkt. No. 22, at 2-12.)

### A.    Petitioner's Claims

Generally, in her Petition, Petitioner asserts the following three claims: (1) a claim that the evidence presented at trial was legally insufficient to support Petitioner's conviction on two counts of predatory sexual assault against a child; (2) a claim that the prosecutor committed a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding exculpatory evidence in the form of medical records from her children's pediatrician; and (3) a claim that the prosecutor should have been automatically disqualified under N.Y. Jud. Law § 17 because, before the prosecution, he had served as the assigned judge in a Family Court case involving Petitioner. (Dkt. No. 1, at 4-26.)

### B.    Magistrate Judge Hummel's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Hummel rendered three

findings of fact and conclusions of law.  (Dkt. No. 22, at 14-46.)  First, Magistrate Judge Hummel concluded, Petitioner's first claim (i.e., of legal insufficiency) should be rejected for the following reasons: (a) Petitioner is procedurally barred from asserting this claim in federal court, because the claim is unexhausted in that she failed to seek review of it in her leave application to the New York State Court of Appeals, and she has failed to show either cause and prejudice or a fundamental miscarriage of justice due to actual innocence; (b) furthermore, independent and adequate state law grounds do not exist to withstand this procedural default, because (again) she has failed to show either cause and prejudice or a fundamental miscarriage of justice due to actual innocence; and (c) in any event, this claim lacks merit, because the Appellate Division reviewed the underlying evidence and implicitly found that Petitioner's convictions were properly supported by legally sufficient evidence, and Petitioner has not shown that the Appellate Division's holding is contrary to, or an unreasonable application of, clearly established federal precedent.  (*Id*. at 14-32.)

Second, Magistrate Judge Hummel concluded, Petitioner's second claim (i.e., of a *Brady* violation) should be rejected for the following reasons: (a) again, Petitioner is procedurally barred from asserting this claim in federal court, because the claim is unexhausted in that she failed to seek review of it in her leave application to the New York State Court of Appeals, and she has failed to show either cause and prejudice or a fundamental miscarriage of justice due to actual innocence; and (b) in any event, this claim lacks merit, because Petitioner has failed to show that the medical records in question were exculpatory or had any impeachment value, that the prosecution *suppressed* them, or that she suffered any resulting prejudice.  (*Id*. at 32-39.)

Third, Magistrate Judge Hummel concluded, Petitioner's third claim (i.e., of failure to

disqualify) should be rejected for the following reasons: (a) again, Petitioner is procedurally barred from asserting this claim in federal court, because the claim is unexhausted in that she failed to seek review of it in her leave application to the New York State Court of Appeals, and she has failed to show either cause and prejudice or a fundamental miscarriage of justice due to actual innocence; (b) Petitioner's claim of a *state-law* violation claim is not cognizable in a *federal* habeas petition, because it is well settled that an error of state law cannot be "repackaged" as a violation of federal law (e.g., of the Due Process Clause of the Fifth or Fourteenth Amendments); and (c) in any event, this claim lacks merit, because the trial judge was not required to disqualify himself under N.Y. Jud. Law § 17, given that the County court case in question involved criminal charges of sexual abuse which were factually distinct from the civil charges of negligence involved in the Family Court case. (*Id*. at 39-46.)

C.      **Petitioner's Objection to the Report-Recommendation**

Generally, liberally construed, Petitioner's Objection argues that the Court should not reject her first claim (i.e., of legal sufficiency) for the following seven reasons: (1) her trial counsel asserted this claim "throughout" her state court case (more specifically, in a pre-trial "Omnibus Motion" to dismiss, and in a motion to dismiss at the close of the prosecution's case at trial); (2) in any event, any failure by trial counsel to successfully preserve this claim for appellate review constitutes ineffective assistance of counsel, which excuses Petitioner's failure to exhaust; (3) in any event, Petitioner sufficiently asserted this claim in application to the Court of Appeals by including in it a "repugnancy" claim (which asks the court to review the evidence); (4) in any event, if the Appellate Division's review of Petitioner's "weight of the evidence" claim sufficiently constituted a review of her "legal sufficiency" claim, then the "legal sufficiency"

claim should be deemed to be exhausted; (5) in any event, Petitioner has overcome such a procedural bar by showing both cause for noncompliance with the state rule and actual prejudice resulting from the alleged constitutional violation (specifically by showing that the evidence did not satisfy the elements of the crime in question); (6) the Appellate Division's rejection of Petitioner's "weight of the evidence" claim should not automatically negate her "legal sufficiency" claim because the standards governing claims of "weight of evidence" and "legal sufficiency" are not interchangeable, each requiring a separate and distinct review; and (7) finally, the Appellate Division's holding is contrary to, and an unreasonable application of, clearly established federal precedent, because she has been denied the fundamental guarantee of due process of law (through lack of sufficient evidence, ineffective assistance of counsel, and the fact that the Family Court proceedings "occurred during the trial preparation of Petitioner's [criminal] case").  (Dkt. No. 25.)

###    D.    Respondent's Opposition to Petitioner's Objection

Generally, in its opposition, Respondent asserts seven arguments.  (Dkt. No. 27.)  First, Respondent argues, because Petitioner does not assert arguments regarding her second and third claims, the Court should adopt the Report-Recommendations regarding those claims as not clearly erroneous.  (*Id*. at 1, n.1.)

Second, Respondent argues, because several of Petitioner's arguments merely repeat arguments already considered and rejected by Magistrate Judge Hummel in his Report-Recommendation, the Court adopt the portions of the Report-Recommendation challenged by those arguments as also not clearly erroneous.  (*Id*. at 2.)

Third, Respondent argues, the Court should reject Petitioner's argument that her "repugnancy" claim subsumed her "legal sufficiency" claim, because those two claims are both

legally distinct (the first claim arising under state law and the second claim arising under federal law) and conceptually distinct (the first claim concerning what the jury *actually* concluded and the second claim concerning what a rational jury *could have* concluded). (*Id*.) Furthermore, Respondent argues, as a practical matter, by presenting both a "repugnancy" claim and a "legal sufficiency" claim to the Appellate Division, but presenting only a "repugnancy" claim to the Court of Appeals, Petitioner failed to "fairly apprise" the Court of Appeals that she was also seeking review of her "legal sufficiency" claim. (*Id*. at 2-3.)

Fourth, Respondent argues, her trial counsel's motions to dismiss based on "legal insufficiency" failed to be sufficiently specific, and she has not shown cause to excuse that failure. (*Id*. at 3.) Furthermore, any claim of ineffective assistance of counsel cannot be asserted for the first time in an Objection to a Report-Recommendation, and in any event it has not been exhausted in state court. (*Id*.)

Fifth, Respondent argues, the Court should reject Petitioner's arguments regarding her "weight of the evidence" claim, because she has not identified any error in the cases cited in the Report-Recommendation, and indeed federal courts in New York State consistently have held that weight of the evidence review "necessarily subsume[s]" review of a legal sufficiency claim. (*Id*.)

Sixth, Respondent argues, the cases relied on by Petitioner are either factually or legally distinguishable from her case. (*Id*. at 3-4.)

Seventh, Respondent argues that, because Petitioner has failed to point to any error in the Report-Recommendation, the Court should not issue a certificate of appealability. (*Id*. at 4.)

## II.    APPLICABLE LEGAL STANDARDS

When a *specific* objection is made to a portion of a magistrate judge's

report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(C).[2] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a

---

[2]     *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3]     *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3(N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007(2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P.72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error"review, "the

---

[4]      *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.    ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge Hummel's thorough Report-Recommendation, the Court can find no error in those portions of the Report-Recommendation to which Petitioner has specifically objected, and no clear error in the remaining portions of the Report-Recommendation: Magistrate Judge Hummel employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts. (Dkt. No. 22.)  As a result, the Court accepts and adopts Magistrate Judge Hummel's Report-Recommendation in its entirety for the reasons stated therein and for each of the seven reasons stated in Respondent's opposition.  *See, supra,* Part I.D. of this Decision and Order.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 22) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Petitioner's Petition (Dkt. No. 1) is **DENIED** and **DISMISSED**;  and it is further

**ORDERED** that a certificate of appealability not issue with respect to any of the claims

---

[5]        *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

set forth in the Petition, because Petitioner has not made a "substantial showing of the denial of a

constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated:  February 25, 2025
         Syracuse, New York

Glenn T. Suddaby
U.S. District Judge